UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK JAMES GIZA,[1]

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

Civil Action No. 15-11203

HONORABLE DENISE PAGE HOOD

**ORDER GRANTING APPLICATION TO PROCEED
WITHOUT PREPAYING FEES OR COSTS,
ORDER OF SUMMARY DISMISSAL,
AND
FINDING ANY APPEAL FRIVOLOUS**

Before the Court is Plaintiff Mark James Giza's Application to Proceed Without Prepaying Fees or Costs. A review of the application supports his claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the Complaint against Defendant.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is

---

[1] Plaintiff Mark James Giza apparently has filed a previous case, *Giza v. United States,* Case No. 09-13266 before the Honorable Robert H. Cleland, alleging claims under the Clayton and Sherman Acts. The case was summarily dismissed on August 27, 2009. (Case No. 09-13266, Doc. No. 4)

frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief.  A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint.  The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 Fed. Appx. 356, 357 (6th Cir. Jun. 26, 2008).  Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

Giza asserts that he is a religious leader and apparently is attempting to establish tribal citizenship. (Comp., Doc. No. 1, Pg ID 2, 7) Giza alleges he has

received fines from traffic tickets, has been arrested and jailed because he is unable to pay the fines. *Id.* at Pg ID 4-5. He asserts that "this is really frustrating and violent and its coming to the point to where we will have to be violent in return." *Id.* at Pg ID 5. Giza seeks the following relief:

> The relief requested is this corporate entity be placed into federal probate until tribal citizenship is established, I can and will provide clear and convincing evidence of my claim of tribal status. I am requesting total sanction and temporary identity and legal provisions of food and monatary (sic) assistance until this is resolved. I ONLY ASK FOR BASIC NECESSITIES as you would give resident alien while acquiring citizenship. I wish to file a federal protection order on my Human Body and corporate entity until we can resolve these issues. ...

(Comp., Doc. No. 1, Pg ID 7)

A liberal reading of Giza's Complaint shows that he has failed to state a claim upon which relief may be granted. Under the principle of sovereign immunity, "the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer,* 510 U.S. 471, 475 (1994). Giza has not met his burden that the United States has waived its sovereign immunity as to the claims alleged in the Complaint. The claims alleged in the Complaint lack arguable basis either in law or in fact.

3

For the reasons set forth above,

IT IS ORDERED that Plaintiff Mark James Giza's Application to Proceed *In Forma Pauperis* Without Prepaying Fees or Costs **(Doc. No. 2)** is GRANTED.

IT IS FURTHER ORDERED that the action is DISMISSED with prejudice.

IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: May 28, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 28, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager